## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BRYAN G JIMENEZ,

     Petitioner,

v.                                                                          No. 2:23-cv-495-MIS-JMR
                                                                            No. 2:22-cr-307-MIS-1

UNITED STATES OF AMERICA and
FEDERAL BUREAU OF PRISONS,

     Respondents.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Bryan G. Jimenez's Motion seeking to have his sentence corrected, or alternatively correctly computed by the Bureau of Prisons (BOP) ("Motion").  ECF No. 1.  Petitioner is incarcerated and proceeding *pro se*.  He alleges he is entitled to credit for 734 days spent in custody prior to sentencing, which the Bureau of Prisons (BOP) is not including in its computation of his sentence.  Id. at 4-5.  In the Motion, Petitioner seeks relief from an alleged clerical error in the judgment in his criminal case pursuant to Fed. R. Crim. P. 36.  The Motion also appears to raise a habeas challenge to the execution of his sentence pursuant to 28 U.S.C. § 2241.  The Court construes the Motion as a mixed petition raising habeas and criminal claims and will address both types of relief.

> **I.**    **Relief Under Fed. R. Crim. P. 36 Shall be Denied**

Rule 36 of the Federal Rules of Criminal Procedure provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  This Rule "gives the court authority to correct clerical-type errors" as distinct from errors of law or substantive modifications to a sentence.  United States v. Blackwell, 81 F.3d 945, 948-49 (10th

Cir. 1996) (citations omitted).   "Rule 36 does not authorize substantive sentencing modification." Id. at 949.

Relying on the Presentence Investigation Report in the criminal case, which shows that he was "in continuous custody since his arrest on August 28, 2020 (734 days in custody through August 31, 2022)," Cr. Doc. 35 at 1, and alleged assurances from a probation officer that he would receive credit for those 734 days, Petitioner argues that "it was the Court's intent that that Petitioner receive credit for the 24[] months he'd previously spent in custody" and that he should "serve the sentence[] pronounced by the Court," ECF No. 1 at 2, 5.   As to the sentence *pronounced* by the Court in the criminal case, the Judgment, committing Petitioner "to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 50 months," Cr. Doc. 40 at 2, is consistent with the sentencing transcript.   In sentencing Petitioner, the Court stated, in relevant part:

> As to the Indictment, the defendant is committed to the custody of the Bureau of Prisons for a term of 50 months.   The defendant is then placed on supervised release for a term of three years.

Cr. Doc. 43 at 5, lines 7-10.   A review of the sentencing transcript shows that the Court never addressed the issue of credit for pre-sentence custody.   See generally Cr. Doc. 43.   As the Judgment is consistent with the sentencing transcript, Rule 36—which allows a court to "correct a *clerical error* in a judgment" or an error in the record "arising from *oversight or omission*" does not apply.   (Emphasis added).

Furthermore, the responsibility of calculating a prisoner's credit for time served rests with the Bureau of Prisons, not the sentencing court.   Azure v. Gallegos, 97 F. App'x 240, 244 (10th Cir. 2004); see United States v. Wilson, 503 U.S. 329, 334-35 (1992) (The Attorney General, through the BOP, must determine a prisoner's entitlement to jail time credit as an administrative

matter when imprisoning the defendant; "the district court cannot determine the amount of the credit at sentencing.").   As Congress delegated the task of calculating pre-sentence confinement to Bureau of Prisons, not to the federal courts, Petitioner's attempt to seek relief from the sentencing Court in this regard is misplaced.   Wilson, 503 U.S. at 332-35.

For these reasons, the Motion shall be denied to the extent it seeks relief pursuant to Rule 36.

## II.     Petitioner's 28 U.S.C. § 2241 Habeas Petition Shall be Transferred to the District of Confinement

A challenge to the execution of a sentence, including an allegation that the BOP miscalculated a sentence, is construed as a habeas corpus petition under 28 U.S.C. § 2241.   See Yellowbear v. Wyo. Att'y Gen., 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle . . . for attacking the execution of a sentence."); Hale v. Fox, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (noting § 2241 is the appropriate vehicle for challenging miscalculation of sentence/credits). When a pleading seeks to correct the miscalculation of a sentence under § 2241, "jurisdiction lies in only one district: the district of confinement."   Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004); see Brace v. United States, 634 F.3d 1167, 1169 (10th Cir. 2011) (claims that "attack the execution of a sentence . . . must be filed in the district where the prisoner is confined"); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (same).

Petitioner is confined at FCI Phoenix, within the jurisdiction of the United States District Court for the District of Arizona.   See 28 U.S.C. § 82 ("Arizona constitutes one judicial district"). To the extent Petitioner seeks habeas relief based on a miscalculation of his sentence in FCI Phoenix, his petition must be resolved in that district.

District Courts may *sua sponte* consider dismissal or transfer when jurisdictional defects

are clear from the face of the proceeding.   See Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006).   In lieu of dismissal, and in the interest of justice, the Court may transfer a case to any district where venue and jurisdiction are proper.   See Johnson v. Christopher, 233 F. App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion … to transfer [an inmate's] case" *sua sponte*).   To determine whether a transfer is in the interest of justice, courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith . . .."   In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008); see also Faulkenburg v. Weir, 350 F. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a transfer).   The claims are not time-barred; "there is no statute of limitations for petitions invoking § 2241."   Craig v. United States, 844 F. App'x 96 (10th Cir. 2021).   An allegation that the BOP miscalculated earned credit may survive initial review.   And, while Petitioner directs his concerns to the sentencing court, rather than raising them in the district of confinement, this is a common mistake for *pro se* litigants.   The Court therefore finds the Motion was filed in good faith.

Because Petitioner seeks relief from the BOP's alleged miscalculation of his sentence under § 2241, the Court will transfer this case to the United States District Court for the District of Arizona.   Petitioner may or may not be asked to file his claims on the proper § 2241 form, which provides more information, and pay the $5 habeas filing fee in the Arizona Court.   For convenience, and to the extent Petitioner would like a copy of relevant forms, the Court will direct the District of New Mexico Clerk's Office to mail him a blank § 2241 form and a blank *in forma pauperis* application.   **Petitioner is reminded that all further pleadings and payments related to his habeas petition should be submitted to the United States District Court for the District**

**of Arizona.**

      **IT IS ORDERED** that:

(1) To the Extent the Motion seeks to modify the Judgment in the criminal case pursuant to

     Rule 36, the request is **DENIED**.

(2) The Clerk's Office shall **TRANSFER** this proceeding, including the Motion [ECF No.

     1], to the United States District Court for the District of Arizona; and **CLOSE** this civil

     case.

(3) The Clerk's Office shall **MAIL** Petitioner a blank § 2241 habeas petition and a blank

     motion to proceed *in forma pauperis*, should he wish to file those forms in the District

     of Arizona.


                                                              *Margaret Strickland*
                                      **MARGARET STRICKLAND**
                                      UNITED STATES DISTRICT JUDGE